

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN PURIFOY, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:21-CV-504-A |
| | § | (NO. 4:18-CR-277-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of John Purifoy, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The court, having considered the motion,[1] the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:18-CR-277-A, and applicable authorities, finds that the motion should be denied.

I.

Background

The record in the underlying criminal case reflects the following:

On November 8, 2018, movant was named in a one-count information charging him with knowingly and intentionally possessing with intent to distribute a mixture and substance

---

[1] Along with the motion, movant filed a motion to expand the record to include his declaration in support. The court is granting the motion and has considered the declaration.

containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). CR Doc.[2] 12. Movant and his counsel signed a written waiver of indictment, CR Doc. 17, and movant entered a plea of guilty. CR Doc. 16. Movant and his counsel signed a factual resume setting forth the penalty movant faced, the elements of the offense, and the stipulated facts establishing that movant had committed the offense charged. CR Doc. 18.

At the arraignment on November 16, 2018, movant testified under oath that: no one had made any promise or assurance of any kind to induce him to plead guilty; he understood that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. Movant's counsel acknowledged that movant had

---

[2] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:18-CR-277-A.

2

agreed to plead guilty because he was only charged by a one-count information. CR Doc. 38.

The probation officer prepared the PSR, which reflected that movant's base offense level was 34. CR Doc. 21, ¶ 35. He received two-level adjustments for importation, id. ¶ 36, maintaining a drug premises, id. ¶ 37, and being an organizer, leader, manager, or supervisor. Id. ¶ 39. He received a two-level and a one-level reduction for acceptance of responsibility. Id. ¶¶ 43, 44. Based on a total offense level of 37 and a criminal history category of VI, movant's guideline imprisonment range was 360 months to life. However, the statutorily-authorized maximum sentence was 20 years; therefore, the guideline term became 240 months. Id. ¶ 112. Movant filed objections, CR Doc. 29, and the probation officer prepared an addendum to the PSR. CR Doc. 25. The probation officer prepared a second addendum to provide additional information regarding the drugs seized from movant and recalculating his base offense level as 36. Because of the statutory cap, the guideline range remained 240 months. CR Doc. 28.

The government filed a motion for downward departure based on movant's substantial assistance. CR Doc. 24. At sentencing, the court heard evidence to support the motion. CR Doc. 39. Among other things, the court learned that two of the persons

identified by movant had not been charged criminally because the case agent who was involved had been fired and the government was in the process of determining how that might impact any charges. Id. at 12-13. The court determined that movant had already been rewarded by being charged in a manner that limited his sentence to 240 months, rather than 360 months to life. Id. at 15-16. The court sentenced movant to a term of imprisonment of 240 months. CR Doc. 34. He appealed, CR Doc. 36, and his sentence was affirmed. United States v. Purifoy, 788 F. App'x 291 (5th Cir. 2019). Movant's petition for writ of certiorari was denied. Purifoy v. United States, 140 S. Ct. 2755 (2020).

II.

Ground of the Motion

Movant asserts one ground in support of his motion. Doc.[3] 1. He says that his plea was not knowingly, intelligently, and voluntarily entered as a result of ineffective assistance of counsel. Id. at 4. Specifically, he says that his counsel failed to ascertain that the case agent who had been involved in the offense of conviction had been terminated and that, had he known of the agent's termination, he would not have pleaded guilty but would have proceeded to trial. Doc. 2 at 2.

---

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.

III.

Standards of Review

A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a

5

defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be

6

highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

Movant contends that, had he known that the undercover officer involved in the offense of conviction had been terminated, he would not have pleaded guilty but insisted on going to trial. He speculates that his counsel should have been able to provide him this information and that the failure to do so was likely due to a lack of minimally adequate investigation. Doc. 2 at 12. Further, he speculates that the government could not have convicted him as a result of the officer's termination. However, bare, conclusory allegations unsupported by other indicia of reliability are insufficient to support habeas relief. Ross v. Estelle, 694 F.2d 1008, 1011 n.2 (5th Cir. 1983). In any event, the Constitution does not require the government to share all useful information with a defendant prior to his plea. United States v. Ruiz, 536 U.S. 622, 629

7

(2002). The absence of Giglio impeachment information does not affect the informed, knowing, and voluntary nature of a plea; rather, impeachment information only bears relation to the fairness of a trial. Id.

Movant's plea was a knowing, voluntary, and informed one, as the court found. Movant has not shown otherwise. A court should not upset a plea based solely on the post hoc assertions of a defendant about how he would have pleaded but for his attorney's deficiencies. United States v. Valdez, 973 F.3d 396, 403 (5th Cir. 2020). As the government notes, the evidence against movant was overwhelming. Doc. 9 at 11; CR Doc. 21. The government's case was not dependent upon the officer who was terminated. Further, by pleading guilty, movant received the benefit of a 20-year cap to his sentence when he would otherwise have been subject to a term of 360 months to life.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further

8

ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED June 16, 2021.

_____
JOHN McBRYDE
United States District Judge